Lenihan v. Chicago Railways Co., 195 Ill. App. 144.

## Abstract of the Decision.

1. APPEAL AND ERROR, § 1411*—*when verdict will not be disturbed on appeal.* Where the evidence upon questions of pure fact is conflicting, the Appellate Court is not authorized to reverse the finding of the jury and the judgment of the trial court, unless after an examination of all the evidence it appears that the verdict is manifestly contrary to the preponderance of the evidence.

2. MASTER AND SERVANT, § 166*—*when servant need not inspect appliances.* In the absence of notice that a pawl is defective, a servant has the right to rely upon the inspection of such hoisting apparatus by the representative of the master to whom has been delegated the duty of furnishing the appliance, and such servant is not required to inspect the appliance.

3. MASTER AND SERVANT, § 363*—*when servant does not assume risk of injury.* Where evidence in an action for injuries showed that a defective derrick was used successfully for several hours, the danger arising from the use of such derrick was not so obvious that a reasonably prudent person would have refused to use it, and a servant in obeying the direction of the representative of the master to use the apparatus did not assume the risk of injury.

4. MASTER AND SERVANT, § 623*—*what evidence as to defective appliance admissible.* In an action for injuries to a servant caused by a derrick, where some evidence tended to show that the derrick was in the same condition two days after the accident as at the time, there was no reversible error in permitting a witness to testify as to its condition on such second day.

5. MASTER AND SERVANT, § 777*—*when instruction properly refused as misleading.* In an action for personal injuries sustained by a servant by reason of a defective derrick, an instruction which might have been understood as announcing the view that it was the duty of the servant to inspect the appliance for defects was properly refused as misleading, as such duty under the evidence was that of the representative of the master.

# Rhoda Lenihan, Administratrix, Appellee, v. Chicago Railways Company, Appellant.

## Gen. No. 20,952.    (Not to be reported in full.).

Appeal from the Superior Court of Cook county; the Hon. WILLIAM FENIMORE COOPER, Judge, presiding. Heard in the Branch Appellate

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Lenihan v. Chicago Railways Co., 195 Ill. App. 144.

Court at the October term, 1914.   Reversed and remanded.   Opinion filed October 6, 1915.

## Statement of the Case.

Action brought by Rhoda Lenihan, as administratrix of the estate of John Lenihan, deceased, against Chicago Railways Company for negligently causing the death of deceased.

It appeared that defendant operated a double-track street car line on Western avenue in Chicago, which street runs north and south, and that on a certain day between six and seven o'clock in the morning, John Lenihan was crossing such avenue at the intersection of Polk street.  There was some evidence that there was a wind blowing from the south, accompanied by snow and rain, and one of defendant's street cars, going south on the west track on Western avenue, was approaching the intersection of Polk street, at a speed variously estimated by the witnesses at from seven to twenty miles an hour.  Lenihan stepped off the sidewalk at the southeast corner of Polk street and Western avenue, and walked southwesterly towards the sidewalk at the northwest corner of said streets, thereby apparently following the most direct course from one sidewalk to the other.  As he reached the west rail of the west car track, he was struck by the street car and killed.  Whether he saw or heard the car coming is not known.  There was evidence tending to prove that although the motorman saw Lenihan when the latter first started to cross the street, the car being then about one hundred feet away, yet he merely sounded his gong, without applying the brakes, and made no effort to stop the car until Lenihan stepped directly in front of it, about twenty or twenty-five feet away.

At the trial a judgment of $2,000 was entered in favor of the plaintiff, and the defendant appeals.

CHARLES L. MAHONY and FRANK L. KRIETE, for appellant; W. W. GURLEY and J. R. GUILLIAMS, of counsel.

SAMUEL B. KING, WARWICK A. SHAW and LEWIS C. BALL, for appellee.

MR. JUSTICE FITCH delivered the opinion of the court.

## Abstract of the Decision.

1. STREET RAILROADS, § 142*—*when instruction in action for injuries to a pedestrian is erroneous.* In an action for the death of a pedestrian struck by a street car, an instruction stating that if the jury believed from the evidence that the motorman saw the deceased "in time to have slowed up his car and have prevented said collision," then it was the absolute duty of the motorman, as a matter of law, to do so, and that his failure to act in that particular manner in this case was such negligence, as a matter of law, "as would render the defendant liable" in damages, provided the motorman's failure to so act was the cause of the accident, and that deceased was in the exercise of due care for his own safety is erroneous.

2. STREET RAILROADS, § 64*—*what is duty of operator of street car.* It is the duty of a motorman operating a street car to exercise ordinary and reasonable care, under the circumstances, to avoid a collision with a pedestrian at a crossing, and what is ordinary and reasonable care is a question of fact for the jury.

3. STREET RAILROADS, § 141*—*when instruction invades province of jury.* In an action for personal injuries to a pedestrian caused by a street car, it is an invasion of the province of the jury to tell them that any particular act or omission is such negligence as will make the defendant liable as a matter of law.

---

## Ninian H. Welch, Administrator, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 20,962.

1. STREET RAILROADS, § 64*—*what constitutes negligence at crossing.* To drive an electric car at a speed which makes it impossible to stop within less than twenty-five feet, directly alongside and past another car which is standing at a public street crossing unloading

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.